IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | |
|---|---|
| *ANDREA GORAL, Personal Representative of the ESTATE OF KRISTINE GRIFFING, deceased,* <br><br> Plaintiff, <br><br> v. <br><br> *OMRON ELECTRONICS, L.L.C. and EATON CORPORATION,* <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 4:13-cv-03003 |

## PROTECTIVE ORDER

Pursuant to the Federal Rules of Civil Procedure and upon joint motion of the parties, the Court hereby grants, this Protective Order governing the production, use and distribution of information or data obtained, learned or discovered through the above-referenced lawsuit. This Court finds that discovery and trial of this action will involve the production and/or disclosure of the design, production and manufacturing process and procedures of the Defendants, as well as other corporate information which this Court believes is proprietary, commercially sensitive and/or confidential and, if disclosed, would confer an unfair competitive advantage upon the Defendants' competitors and irreparably compromise the confidential information, trade secrets and intellectual property rights of the parties. Further, the necessary discovery and trial of this action will involve the production and/or disclosure of the Defendants' sensitive business information and Plaintiff's decedent's personal information which this Court believes should remain confidential and, if disclosed, would confer an undue hardship upon them. The Court further finds that good cause has been shown to support the entry of this Order.

4130387.1

I. **DEFINITIONS:**

(a) "Confidential Material" means information deemed by the parties to be particularly sensitive and includes confidential information that is claimed to be not publicly available and that, if disclosed and used by anyone other than the parties in this litigation, may result in undue hardship, unfair competition, improper disclosure of trade secrets, a loss of the inherent value of such information, or a violation of confidentiality or privacy of a party.

(b) "Documents" include, but are not limited to, all physical and electronic forms of correspondence, letters, transcripts, minutes, telegraphs, cables, tapes, recordings, films, memoranda, work papers, notes, drafts, press releases, diaries, employment records, time records, evaluations, appraisals, studies, chemical analyses, other analyses, ledgers, journals, pages, books or records of accounts, contracts, agreements, promissory notes, instruments of indebtedness, endorsements, accounts, statements, purchase orders, receipts, invoices, shipment records, delivery records, balance sheets, income statements, financial statements, statistical records, notices, assignments, reports, valuations, evaluations, any other writings regardless of by whom prepared or to whom addressed and regardless of whether the document is an original or a copy or whether sent or received. The term document shall also include any other form of reporting, storing, maintaining or indexing information including, but not limited to, electronic, computer, magnetic, microfilm, microfiche storage, shorthand notes, diagrams, magnetic cards and other forms of storage.

4130387.1

 (c) "Information" includes all confidential material obtained or learned through documents and/or testimony.

**II. DESIGNATION OF CONFIDENTIAL MATERIAL**

1. The parties believe certain Documents or Information responsive to discovery served in this matter will require the production of confidential material, and the parties shall treat all such Documents and/or Information (when marked or identified as "CONFIDENTIAL") as confidential absent further order of the Court or written agreement of the parties to this action.

 (a) If a party believes any Document or Information is not confidential, then the party shall notify opposing counsel in writing stating why the Document or Information should not be considered Confidential Material, specifically identifying the Document or Information or attaching a copy of the Document or summary of the Information. If within (20) days after the receipt of the request to consider the document non-confidential, the opposing party fails to waive confidentiality as to the document, the moving party may move this Court to find that the document or information is not confidential material.

 (b) If required to provide deposition or trial testimony, the parties may designate such testimony or a portion thereof, including exhibits, as Confidential Material. Designation of deposition testimony, including exhibits, as Confidential Material shall be made by placing a statement to such effect on the record in the course of the deposition of any such person or by notifying all parties in writing within twenty (20) days after receipt of the transcript. All parties in possession of the transcript thereafter shall place **CONFIDENTIAL** (the "Confidential Legend") at

4130387.1

the top of each page so designated and each photocopy thereof. All deposition transcripts shall be treated as Confidential Material for a period of twenty (20) days after receipt of such transcript to allow time for each party to make their designations of Confidential Material, if any.

(c) All Documents provided by the parties to this litigation **and marked as Confidential** shall continue to be treated as Confidential Material subject to the terms of this Protective Order until the Court orders otherwise, including the time in which any party seeks a Court determination that any document is not confidential material.

(d) The parties agree and the Court hereby orders that documents produced inadvertently or prior to the entry of this protective order may be marked Confidential at the request of either party and subject to the same terms and conditions set forth herein. Requests for documents to be treated as confidential after production and/or disclosure shall be made in writing and specifically identify the document by bates number or other definitive description. The party receiving the request must affix a "Confidential" label on each document and/or copy thereof within twenty (20) days from the request and certify in writing that each document has been marked confidential.

### III. DISCLOSURE OF CONFIDENTIAL MATERIAL

2. Any Documents, and any Information contained therein, that are designated as Confidential Material under this Protective Order shall be used only for purposes of the above-captioned litigation, not for any business or competitive or other purpose, and shall be disclosed solely to the following:

4130387.1

(a) the attorneys for plaintiff, defendants, third-party plaintiff, and third-party defendants, including any member, associate, paralegal or secretary of the law firm for any such, but only in connection with such work;

(b) the Court, Court personnel and Court reporters, and their personnel, involved in the adjudication of this action;

(c) current employees of a party or any expert expressly retained by the party or by its/his attorney to assist in trial preparation in this case, whether in a consulting or testifying capacity; provided, however, that, prior to disclosure of confidential material to such person, such person executes an affidavit in the form attached hereto as Exhibit "A";

3. Counsel for each party shall maintain a complete and current file of the affidavits executed pursuant to subparagraphs (a) and (c) of paragraph 3 above, which shall be maintained for one year after this action is finally terminated.

## IV.   MAINTENANCE OF CONFIDENTIAL MATERIAL

4. All Documents, testimony and other materials, or portions thereof, containing Information subject to by this Protective Order, and the contents of all such materials, as well as any duplicates, notes, memoranda and other documents referring to any such information, shall be maintained in the strictest confidence by counsel for the party or parties receiving the same. The obligation to maintain the confidentiality of Confidential Material shall continue after the termination of this litigation.

## V.   USE OF CONFIDENTIAL MATERIAL IN COURT PROCEEDINGS

5. All documents containing Confidential Material provided by the parties that are filed with the Court during this action, including all pleadings, memoranda, duplications or

4130387.1

photographs purporting to reproduce or paraphrase such Documents or Information, shall be filed pursuant to the Court's electronic filing procedures for confidential document or, if allowed by the Court in *sealed envelopes* or other *appropriately sealed containers*, on which shall appear a statement substantially in the following form:

> **THIS CONTAINS DOCUMENTS FILED IN THIS CASE BY [NAME OF PARTY] PURSUANT TO THE PROTECTIVE ORDER ENTERED IN THIS ACTION, AND IS TO BE FILED AND MAINTAINED UNDER SEAL, AND IS NOT TO BE OPENED OR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY ORDER OF THE COURT.**

6. Confidential Material shall not lose its confidential status because it is used in any Court proceeding in this lawsuit.

### VI. NON-WAIVER OF OBJECTIONS

7. Nothing contained herein shall bar or limit the use of Confidential Documents and/or Court files containing the same, upon appeal.

8. A party shall not be obligated to challenge the propriety of the designation of documents or information as Confidential Information at the time such designation is made, and failure to do so shall not preclude a subsequent challenge during the pendency of this litigation, provided that any such challenge may only be made by motion subject to the applicable provisions of this Order, the Federal Rules of Civil Procedure and/or the rules of this Court, including the obligation to confer in good faith prior to the filing of any such motion.

### VII. RETURN OF CONFIDENTIAL MATERIAL AFTER LITIGATION

9. Within ninety (90) days of the conclusion of the above-captioned litigation, including any appeal, all Confidential Material, and all copies of same, obtained during this litigation and that are in the possession of the Parties, counsel for plaintiff, defendants, third-

4130387.1

party plaintiff, and third-party defendants, or any non-party shall be returned to the producing party or shall be certified in writing to the producing party as having been destroyed.

**SO ORDERED:**

*s/Cheryl R. Zwart*
United States Magistrate Judge

DATE:   March 25, 2013


AGREED:


SANDBERG PHOENIX & von GONTARD P.C.


By:   */s/  Jonathan T. Barton*
Jonathan T. Barton
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
E-mail:  jbarton@sandbergphoenix.com

*Attorneys for Defendant*
*Omron Electronics, Inc.*


KEATING, O'GARA, NEDVED & PETER, P.C., L.L.O.


By:   */s/ Joel N. Nelson/JTB*
Jefferson Downing
Joel D. Nelson
530 South 13th Street, Suite 100
Lincoln, NE  68508
402-475-8230
402-475-8328 (Fax)

*Attorneys for Plaintiff*


4130387.1

SHIVELY & LANNIN, P.C., L.L.O.

By: */s/Bob Shively/JTB*
Robert W. Shively, Jr.
4400 South 86th Street, Suite 100
Lincoln, NE 68526
402-488-5044
402-488-5110 (Fax)

*Attorneys for Eaton Corporation*

4130387.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | |
|---|---|
| *ANDREA GORAL, Personal Representative of the ESTATE OF KRISTINE GRIFFING, deceased,*<br><br>Plaintiff,<br><br>v.<br><br>*OMRON ELECTRONICS, L.L.C. and EATON CORPORATION,*<br><br>Defendants. | Case No. 4:13-cv-03003 |

## AFFIDAVIT OF COMPLIANCE WITH STIPULATED PROTECTIVE ORDER
## EXHIBIT "A"

The undersigned, having first been sworn under oath, does hereby affirm as follows:

1. I have on this _____ day of _____, 2013 read the Agreed Protective Order entered by the Court in this case.

2. I understand that I am bound by the terms and conditions of that Agreed Protective Order and that I may not use or divulge any information for any purpose other than as provided in said Order.

3. I understand and acknowledge that in the event I violate any terms or conditions of the Agreed Protective Order, I may be subject to punishment and/or censure by said Court for contempt of the Court's Order.

4130387.1

**AGREED:**

_____
Name:
Address:
Title:

STATE OF                    )
                            ) ss
COUNTY OF                   )


  I HEREBY CERTIFY that on this _____ day of _____, 2013 before me personally appeared _____, who made oath in due form of law that he/she executed the foregoing document and that the facts contained are true and correct.

AS WITNESS, my hand and Notarial Seal.

            _____
            Notary Public

My commission expires:

4130387.1