IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREA GORAL, Personal Representative of the Estate of Kristine Griffing, deceased;<br><br>Plaintiff,<br><br>vs.<br><br>OMRON STI MACHINE SERVICES INC.,  et. al;<br><br>Defendants. | **4:13CV3003**<br><br>**MEMORANDUM AND ORDER** |

The plaintiff's Complaint alleges Kristine Griffing died as a result of a work-related accident caused by machinery which was allegedly negligently modified by defendant Omron.  At the time of her death, Ms. Griffing's three adult children were her next of kin.  They seek recovery for the loss of care, companionship, and society resulting from the death of their mother.  (Filing No. 43).

Defendant Omron served a subpoena on the Nebraska Department of Health and Human Services (DHHS) to require production of a "[c]omplete certified copy of all investigation documents pertaining to Kristine Griffing . . . including but not limited to all related investigation reports, medical and/or psych evaluations and records, letters, emails, statements, interviews, photographs and written findings."  (Filing No. 53, at CM/ECF pp. 5-7).  The plaintiffs did not object to the subpoena, but DHHS has filed a motion to quash.  (Filing No. 53).

DHHS claims the requested records are confidential under Nebraska's Child Protection Act.  Neb. Rev. Stat. §§ 28-710 to 28-730 and 43-3001; the federal Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. §§ 300gg et seq. and implementing regulation 45 CFR § 164.512(e).  DHHS further claims production would be unduly burdensome, and the subpoena violates Rule 45 of the Federal Rules of Civil

2

Procedure by requiring DHHS to produce the requested documents at defense counsel's office in St. Louis, Missouri, which is more than 100 miles from its DHHS' location. (Filing No. 53).

> The Nebraska Child Protection Act provides:
>
> Except as provided in this section and sections 28-722 and 81-3126, no person, official, or agency shall have access to information in the tracking system of child protection cases maintained pursuant to section 28-715 or in records in the central register of child protection cases maintained pursuant to section 28-718 unless in furtherance of purposes directly connected with the administration of the Child Protection Act.

Neb. Rev. St. § 28-726.[1]   Under Neb. Rev. St. § 81-3126, the information may be released "to confirm, clarify, or correct information concerning an allegation or actual instance of child abuse or neglect which has been made public by sources outside the department." Neb. Rev. St. § 81-3126 (2)(e).

Ms. Griffing is deceased and her children are adults, not wards of the state. By filing suit to recover for the loss of their relationship with their mother, the Griffing children have placed the characteristics of that relationship at issue. Under such circumstances, particularly with no objection to the subpoena filed by the children, the court will not quash the subpoena under the Nebraska Child Protection Act. See Neb. Admin. R. & Regs. Tit. 390, Ch. 1, § 007.03.

---

[1] See also Neb. Rev. St. § 28-725 which states:

> All information of [DHHS] concerning reports of child abuse or neglect of noninstitutional children, . . . and all information of the department generated as a result of such reports or records, shall be confidential and shall not be disclosed except as specifically authorized by the Child Protection Act and section 81-3126 or other applicable law.

For similar reasons, the subpoena will not be quashed under HIPPA.   The plaintiffs received notice of the defendant's subpoena, they did not object, and the time period for objecting has lapsed.   The court has already entered a protective order for confidential information exchanged in this case.   (Filing No. 20).   HIPPA does not prohibit release under such circumstances.   See 45 CFR § 164.512)e)(1)(iii)(C)(1).

DHHS has not explained how or why production would be unduly burdensome. No DHHS witness will be required to attend a deposition in St. Louis.  The subpoena is for production of records only, with the documents to be collected and produced in Nebraska and delivered by DHHS at Omron's expense electronically, or by mail or facsimile, whatever is easier.  The 100-mile rule cited by DHHS does not provide a basis for quashing the subpoena.  Fed. R. Civ. P. 45(c)(2)(A).

Accordingly,

IT IS ORDERED:

1)     The motion to quash filed by the Nebraska Department of Health and Human Services, (Filing No. 53), is denied.

2)     On or before December 2, 2013, DHHS shall comply with the subpoena.

3)     Absent further order of the court, the information produced pursuant to the subpoena is deemed confidential and subject to the protective order previously entered by the court, (Filing No. 20).

November 18, 2013.

BY THE COURT:

s/ Cheryl R. Zwart
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.